```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
MARK C. GERARD,
                                         1:18-cv-01182-NLH
                Plaintiff,
                                         MEMORANDUM OPINION &
    v.                                   ORDER TO SHOW CAUSE

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
```

**APPEARANCES:**

ADRIENNE FREYA JARVIS
800 NORTH KINGS HIGHWAY
SUITE 304
CHERRY HILL, NJ 08034

   *On behalf of Plaintiff*

PATRICK EUGENE ROACH
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET, 6TH FLOOR
PHILADELPHIA, PA 19123

   *On behalf of Defendant*

**HILLMAN**, District Judge

   WHEREAS, this matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the denial of Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social

Security Act, 42 U.S.C. § 401, et seq.; and

WHEREAS, on June 4, 2018, Plaintiff's counsel filed a motion to stay the proceedings so that Plaintiff's appellate rights would not be affected by Plaintiff's counsel's motion to withdraw as counsel, which she filed on the same date;[1] and

WHEREAS, Plaintiff's counsel relates that on April 25, 2018, she received a letter from the Social Security Administration informing her that Plaintiff had revoked her appointment as his legal representative in a subsequent Social Security disability application;[2] and

WHEREAS, Plaintiff's counsel further relates that she attempted to speak with Plaintiff regarding whether he intended to revoke her representation in this action, but he did not return her numerous emails or voicemail messages, and he did not respond to correspondence she sent to him in the mail, which was sent via certified mail with proof of service onto Plaintiff (Docket No. 18, 19); and

WHEREAS, Plaintiff's counsel states that even if Plaintiff

---

[1] Under Local Civil Rule 102.1, "Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."

[2] Plaintiff's counsel explains that a claimant may reapply for benefits under the Social Security Act when a prior application is pending on judicial review in federal court.

did not intend to terminate her representation in this matter, she must be relieved as counsel due to her inability to communicate with her client; and

WHEREAS, to date, neither Plaintiff's counsel nor this Court has received any communication from Plaintiff regarding his Social Security appeal;[3]

Consequently,

IT IS on this ___17th___ day of ___May___, 2019

ORDERED that within 20 days of today, Plaintiff shall show cause as to (1) whether he opposes the withdraw of his counsel; and (2) if he does not oppose the withdraw of his counsel, whether he intends to pursue his Social Security appeal with new counsel or on his own behalf *pro se*; and it is further

ORDERED that Plaintiff's counsel shall serve this Order onto Plaintiff with proof of service within 5 days; and it is further

ORDERED that if Plaintiff fails to respond: 1) Plaintiff's counsel's motion to withdraw shall be granted, 2) the Court will deem Plaintiff as proceeding pro se, and 3) the Court will issue a separate Order to Show Cause as to why the matter should not

---

[3] The action was originally assigned to this Court, but it was reassigned pursuant to Standing Order 18-2 on May 29, 2018. The action was reassigned to this Court on May 15, 2019.

be closed for lack of prosecution pursuant to Local Civil Rule 41.1(a).[4]

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[4] Local Civil Rule 41.1(a) provides,

> Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party. Notice shall be provided by the Clerk of either action contemplated above under sub-paragraphs (1) and (2) to counsel, their client(s) and/or unrepresented persons who have appeared.