```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
    _____

    MARK C. GERARD,
                                           1:18-cv-01182-NLH
                      Plaintiff,
                                         MEMORANDUM
    v.                                   OPINION & ORDER

    COMMISSIONER OF SOCIAL
    SECURITY,

                      Defendant.
    _____
```

**APPEARANCES:**

MARK C. GERARD
485 LUMMISTOWN ROAD
CEDARVILLE, NJ 08311

    *Appearing pro se*

PATRICK EUGENE ROACH
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET, 6TH FLOOR
PHILADELPHIA, PA 19123

    *On behalf of Defendant*

**HILLMAN**, District Judge

    WHEREAS, this matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the denial of Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401, et seq.; and

WHEREAS, on May 17, 2019, the Court Ordered Plaintiff to show cause as to (1) whether he opposes the withdraw of his counsel; and (2) if he does not oppose the withdraw of his counsel, whether he intends to pursue his Social Security appeal with new counsel or on his own behalf pro se (Docket No. 21);

WHEREAS, the Court further Ordered that if Plaintiff failed to respond: 1) Plaintiff's counsel's motion to withdraw shall be granted; 2) the Court will deem Plaintiff as proceeding *pro se*; and 3) the Court will issue a separate Order to Show Cause as to why the matter should not be closed for lack of prosecution pursuant to Local Civil Rule 41.1(a) (Id.); and

WHEREAS, Plaintiff's response was due on June 7, 2019, but Plaintiff failed to contact his counsel or the Court; and

WHEREAS, on June 20, 2019, the Court granted counsel's motion to withdraw, stayed the proceedings, deemed Plaintiff as appearing *pro se*, and ordered that within 20 days, Plaintiff was to show cause as to why the matter should not be dismissed for lack of prosecution pursuant to Local Civil Rule 41.1(a)[1] (Docket

---

[1] Local Civil Rule 41.1(a) provides,

> Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party. Notice

No. 24); and

WHEREAS, Plaintiff's response was due on July 10, 2019, but Plaintiff has failed to file his response or otherwise contact the Court;

THEREFORE,

IT IS on this ___18th___ day of ___July___, 2019

ORDERED that the matter be, and the same hereby is, DISMISSED for lack of prosecution pursuant to Local Civil Rule 41.1(a).


At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

shall be provided by the Clerk of either action contemplated above under sub-paragraphs (1) and (2) to counsel, their client(s) and/or unrepresented persons who have appeared.